Henderson, Judge.
 

 — I cannot perceive upon what grounds this bill can be resisted. The vendor retained the title, for the purpose of securing the payment of the purchase-money, and he has a right in this Court to have his contract specifically executed, which is the object of this bill. As to the claim which the widow sets up, of having her dower protected from this demand, it is equally unfounded. The dower, protected by law against the debts of the husband, is dower in the lands of the husband. This never was the land of the husband; or if it was, while in his hands, it was at all times subject to this debt. This claim is therefore above the husband’s interest. The lands came to his hands, if they came at all, subject to it. There can be no pretence for the exemption.
 

 I have considered this case, as if the widow was entitled to dower in her husband’s equities, which this Court has more than once decided against. But if she was, she would take subject to a superior equity, and this is certainly one of that description.
 

 As to that part of the answer which claims a deduction from the stipulated price, because the vendee was evicted from a part of the land by a superior title, k
 
 \x
 
 
 *197
 
 certainly good, and the extent of the loss must be en-qui!>e(1 iMt0-
 

 Per Curiam.
 

 — Direct an account to be taken of the purchase-money unpaid — and let the Master ascertain the value of the laud from which the vendee has been evicted, in relation to the price given for the whole tract.
 

 Let him also ascertain the value at the time of the eviction, computing the interest on both valuations.